UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

QUANTAN P. RICHARDSON,

    Plaintiff,

v.                                                                    Case No. 5:25-cv-172-MW-MJF

JAKE DANIELS, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff failed to comply with three court orders, failed to comply with the Local Rules, and failed to prosecute this action, the District Court should dismiss this action without prejudice.

### BACKGROUND

**A.** **Failure to Comply with Local Rule 5.7(A) and the Undersigned's orders to Amend the Complaint**

Rule 5.7(A) of the Local Rules of the United States District Court of the Northern District of Florida instructs a *pro se* prisoner bringing suit under 42 U.S.C. § 1983 to use the court's standardized civil-rights complaint form. Plaintiff, however, commenced this civil rights action with a complaint that was not on the standardized civil-rights complaint

form. Doc. 1. Because Plaintiff had not complied with Local Rule 5.7(A), on October 8, 2025, the undersigned ordered Plaintiff to file an amended complaint on the court-approved form or a notice of voluntary dismissal. Doc. 9 (citing N.D. Fla. Loc. R. 5.7(A)). The undersigned imposed a compliance deadline of November 24, 2025, and warned Plaintiff that the failure to comply likely would result in dismissal of this civil action. *Id.*

On November 19, 2025, Plaintiff filed a "Notice to the Court of Change of Address and Defendant(s) Retaliation." Doc. 10. In this notice, Plaintiff stated he needed additional time to file an amended complaint in compliance with the undersigned's order of October 8, 2025. *Id.* On December 1, 2025, the undersigned granted Plaintiff's request. Doc. 11. The undersigned extended Plaintiff's compliance deadline to January 2, 2026, and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this civil action. *Id.* Plaintiff did not comply with that order.

On January 16, 2026, the undersigned ordered Plaintiff to show cause for his failure to comply with the undersigned's order of October 8, 2025. Doc. 14. The undersigned imposed a deadline of January 30, 2026,

to comply and again warned Plaintiff that the failure to comply with the order likely would result in dismissal of this action.

Plaintiff has not complied with the undersigned's order to show cause.

B.   <u>Plaintiff's Failure to Update His Mailing Address</u>

On July 31, 2025, the undersigned ordered Plaintiff to update his mailing address with the clerk's office "[w]ithin **SEVEN DAYS** of any change of Plaintiff's address." Doc. 4 at 4; *see* Doc. 3 ¶ 6 (advising Plaintiff that "[t]hroughout this case, you are required to advise the Clerk's Office in writing of any change in your mailing address."). Plaintiff certainly was aware of this obligation. Doc. 1 at 13 (Plaintiff signed his complaint after the following statement: "I agree to provide the Clerk's Office with changes to my address where case-related papers may be served."); Doc. 10 (indicating he had been transferred from Union C.I. to Santa Rosa C.I.).

The undersigned also warned Plaintiff that "the failure to apprise the clerk of the court timely of any change of address . . . likely will result in dismissal of this case for failure to comply with an order of this court." Doc. 4 at 4; *see also* Doc. 1 at 13 (Plaintiff signed his name after the

following statement: "I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.").

According to the Florida Department of Corrections' website, on December 29, 2025, the FDC released Plaintiff from custody. Plaintiff has failed to update his mailing address with the clerk of the court.

## DISCUSSION

"Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order" or Local Rule. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); *McNair v. Johnson*, 143 F. 4th 1301, 1308 (11th Cir. 2025) ("Dismissal without prejudice was an appropriate exercise of the district court's inherent authority to manage its docket and enforce the local rules."); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order"). A district court also may dismiss a civil action *sua sponte* for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962).

Here, Plaintiff has not complied with the Local Rules insofar as he has failed to submit a complaint on the court-approved form. Additionally, Plaintiff has failed to comply with three court orders. Plaintiff has offered no excuse for his failures and, consequently, has not shown good cause. Accordingly, dismissal of this civil action is appropriate.

## Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action without prejudice.

2. **DIRECT** the clerk of the court to close the case file.

At Pensacola, Florida, this 9th day of February, 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may**

**appear on the electronic docket is for the court's internal use only and does not control.** An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.